# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| INTELLISOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER L. ESTEP (a/k/a CHRIS STONE), <br><br> Defendant. | Case No: <br><br> **EXHIBIT A** <br> **to the COMPLAINT** |

GREENVILLE 317126v1

# INTELLISOFT, INC.

## EMPLOYMENT AGREEMENT

This Employment Agreement ("*Agreement*") is made by and between Chris Estep ("*Employee*") and Intellisoft, Inc., a South Carolina corporation ("*Company*").

WHEREAS, Company desires to employ Employee and Employee desires to be employed by Company and to own stock in Company, pursuant to the terms and conditions hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is hereby agreed by and between the parties hereto as follows:

1. <u>Employment</u>.  Company will employ Employee, and Employee will be employed by Company, upon the terms and conditions set forth herein.

2. <u>Position</u>.  Employee shall be employed as the Chief Operating Officer and Chief Financial Officer of the Company and shall have the duties and responsibilities set forth in Exhibit A hereto and those assigned by the Board of Directors from time to time. Employee shall perform faithfully and diligently all duties assigned to Employee. The Board of Directors reserves the right to modify Employee's duties at any time in its sole and absolute discretion.

3. <u>Best Efforts/Full-time</u>.  Employee will expend Employee's best efforts on behalf of Company, and will abide by all policies and decisions made by Company, as well as all applicable federal, state and local laws, regulations or ordinances. Employee will act in the best interest of Company at all times. Employee shall devote Employee's full business time and efforts to the performance of Employee's assigned duties for Company, unless Employee notifies Company in advance of Employee's intent to engage in other paid work and receives Company's express written consent to do so. Consent for such secondary employment will be given only upon approval of the shareholders by a 2/3 vote.

4. <u>Work Location</u>.  Employee's principal place of work shall be located in Spartanburg, SC or such other location as the parties may agree upon from time to time.

5. <u>Director</u>.  During the Term, the Employee shall also serve as a Director of the Company. Upon expiration of the Term, the Employee shall resign as Director immediately. The Employee's salary paid hereunder shall be full compensation for Employees additional duties as Director.

6. <u>Officer</u>.  During the Term, Employee shall serve as the Vice-President and Treasurer of the Company and shall perform those tasks of the Vice-President and Treasurer set forth in the South Carolina Business Corporation Act and in the Bylaws of the Company. Upon expiration of the Term, the Employee shall resign as an officer immediately. The Employee's salary paid hereunder shall be full compensation for Employees additional duties as Vice-President and Treasurer.

7. <u>Term</u>. The employment relationship pursuant to this Agreement shall commence on August 1, 2010 and continuing until terminated in accordance with this Agreement.

8. <u>Compensation</u>. As compensation for Employee's performance of duties hereunder, Company shall pay to Employee a Base Salary of $12,000.00 per year, payable in accordance with the normal payroll practices of Company, less required deductions for state and federal withholding tax, social security and all other employment taxes and payroll deductions. In the event Employee's employment under this Agreement is terminated by either party, for any reason, Employee will earn the Base Salary prorated to the date of termination.

9. <u>Performance and Salary Review</u>. Company will periodically review Employee's performance on no less than an annual basis. Adjustments to salary or other compensation, if any, will be made by Board of Directors in its sole and absolute discretion, acting by majority vote, with the Employee abstaining.

10. <u>Benefits</u>. Employee will be eligible for all benefits generally available to Employees of Company from time to time. Company reserves the right to change or eliminate the benefits offered at any time.

11. <u>Vacation</u>. Employee shall be eligible to accrue two (2) weeks of paid vacation during each year of employment. Employee agrees that he will not take vacation at times that would be detrimental to the interests of Company. All other terms or conditions pertaining to Employee's vacation will be governed by Company's standard vacation policy.

12. <u>"Partner" Equality</u>: During the term and so long as the Employee remains an equal shareholder in the Company, the Employee's total compensation from Salary, Dividends, Benefits, Bonuses and other Company payments shall be equal to the remaining equal shareholder's total compensation. The Employee hereby contracts to vote his shares in such a manner as to carry out the effects of this Paragraph in all compensation related votes. This Paragraph will be voided in the event of a transfer of shares that causes the shareholdings among the shareholders to become uneven.

13. <u>Business Expenses</u>. Employee will be reimbursed for all reasonable, out-of-pocket business expenses incurred in the performance of Employee's duties on behalf of Company. To obtain reimbursement, expenses must be submitted promptly with appropriate supporting documentation in accordance with Company's policies and federal and state tax laws.

14. <u>Termination for Cause by Company</u>. Although Company anticipates a mutually rewarding employment relationship with Employee, Company may terminate Employee's employment immediately at any time for Cause. For purposes of this Agreement, "Cause" is defined as: (a) acts or omissions constituting gross negligence, recklessness or willful misconduct on the part of Employee with respect to Employee's obligations or otherwise relating to the business of Company; after specific written notice of such failure by the Board of Directors (acting by majority vote with the Employee abstaining) to the Employee and a reasonable opportunity to cure such Cause; or (b) Employee's material breach of this Agreement after specific written notice of such failure by the Board of Directors (acting by majority vote with the Employee abstaining) to the Employee and a reasonable opportunity to cure such Cause; or

(c) Immediately upon Employee's conviction or entry of a plea of *nolo contendere* for fraud, misappropriation or embezzlement, or any felony or crime of moral turpitude; or
(d) Employee's willful neglect of duties [including unauthorized secondary employment] as determined in the fair and reasonable discretion of the Board of Directors after specific written notice of such failure by the Board of Directors (acting by majority vote with the Employee abstaining) to the Employee and a reasonable opportunity to cure such Cause.

15. Effect of Termination for Cause. In the event Employee's employment is terminated in accordance for Cause, (i) the Employee shall be entitled to receive only the Base Salary then in effect, prorated to the date of termination; (ii) the Employee will be obligated to sell his Stock back to the Company, in accordance with the provisions of the Buy-Sell Agreement of even date herewith. All other Company obligations to Employee pursuant to this Agreement will become automatically terminated and completely extinguished. Employee will not be entitled to receive any Severance Payment.

16. Termination Without Cause by Company/Severance. Company may terminate Employee's employment under this Agreement without Cause on Forty-Five (45) days' advance written notice to Employee. In the event of such termination. Employee will receive the prorated Base Salary as set forth above, plus a "Severance Payment" described below, provided Employee complies with the Severance Conditions set forth below. Employee will be obligated to sell his Stock back to the Company, in accordance with the provisions of the Buy-Sell Agreement of even date herewith. All other Company obligations to Employee will be automatically terminated and completely extinguished.

17. Severance Payment. If Employee is terminated without Cause, Employee will receive a Severance Payment equivalent to two months of the Base Salary then in effect, payable in a lump sum. Receipt of this Severance Payment is contingent on Employee complying with the Severance Conditions set forth below.

18. Conditions to Receive Severance Payment. The Severance Payment will be paid provided Employee meets all of the following conditions: (i) Employee complies with all surviving provisions of this Agreement; (ii) Employee executes and does not withdraw within any applicable revocation period a full general release, in a form acceptable to Company, releasing all claims, known or unknown, that Employee may have against Company or its shareholders, directors, officers, employees or agents arising out of or in any way related to Employee's employment or termination of employment with Company; and (iii) Employee complies with the terms of the Buy-Sell Agreement of even date herewith. (the "*Severance Conditions*").

19. Termination by Employee. Employee may voluntarily resign his position with Company at any time on thirty (30) days' advance written notice, or this Agreement will Terminate by Employee upon the Employee's death or any illness or disability which causes the Employee to be unable to continue to perform his duties. In the event of a Termination by Employee, (i) the Employee shall be entitled to receive only the Base Salary then in effect, prorated to the date of termination; (ii) the Employee will be obligated to sell his Stock back to the Company, in accordance with the provisions of the Buy-Sell Agreement of even date herewith. All other Company obligations to Employee pursuant to this Agreement will

become automatically terminated and completely extinguished. Employee will not be entitled to receive any Severance Payment.

20. <u>Redemption of Stock</u>. In the event the employment of Employee terminates for any reason, the Employee or his heirs or estate or guardian or conservator or power of attorney, as the case may be, shall offer all his right title and interest in and to his Shares of the Stock of the Company to the Company for redemption in accordance with the Buy-Sell Agreement of even date herewith.

21. <u>No Transfer of Shares</u>. The Employee may not transfer or alienate his stock in any way at any time without the authorization of the Board of Directors of the Company. Any purported transfer or alienation in violation of this Paragraph will be void and not binding on the Company.

22. <u>Confidentiality, Non-Compete and Proprietary Rights</u>. Employee agrees to read, sign and abide by Company's **Assignment of Rights, Non-Disclosure, Non-Solicitation, and Non-Competition Agreement,** which is provided with this Agreement and incorporated herein by reference. The Employee agrees to enter into and be bound by the **Assignment of Rights, Non-Disclosure, Non-Solicitation, and Non-Competition Agreement** in consideration of Mr. Stephen Roger's agreement to come to the Company and perform as its President. The Employee, who is also a Shareholder, believes Mr. Roger's agreement to come to the Company is in the Shareholder's best interests and will increase the value of the Shareholder's investments, and acknowledges that this is sufficient consideration for the Employee agreeing to the terms of the **Assignment of Rights, Non-Disclosure, Non-Solicitation, and Non-Competition Agreement.**

23. <u>Injunctive Relief</u>. Employee acknowledges that Employee's breach of the covenants contained in this Agreement (collectively "*Covenants*") would cause irreparable injury to Company and agrees that in the event of any such breach, Company shall be entitled to seek temporary, preliminary injunctive relief without the necessity of proving actual damages or posting any bond or other security.

24. <u>Agreement to Arbitrate</u>. In the event of any dispute or claim relating to or arising out of the parties' employment relationship or the termination of that relationship (including, but not limited to, any claims of wrongful termination or age, sex, race, disability or other discrimination), Employee and Company agree that all such disputes shall be fully and finally resolved by binding arbitration conducted before a single neutral arbitrator in Spartanburg, South Carolina pursuant to the rules for arbitration of employment disputes by the American Arbitration Association ("AAA"), or its successors, under the then current rules of AAA for employment disputes (available on-line at www.adr.org). In no event shall the request for arbitration be made after the date when institution of legal or equitable proceedings based on such claims would be barred by the applicable statute of limitations. The arbitrator shall permit adequate discovery and is empowered to award all remedies otherwise available in a court of competent jurisdiction, and any judgment rendered by the arbitrator may be entered by any court of competent jurisdiction. The arbitrator shall issue an award in writing and state the essential findings and conclusions on which the award is based. By

executing this Agreement, Employee and Company are both waiving the right to a jury trial with respect to any such disputes. The Arbitrator shall be empowered to determine the prevailing party and award the prevailing party some or all of its costs and attorney fees. .

25. Successors and Assigns. The rights and obligations of Company under this Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of Company. Employee shall not be entitled to assign any of Employee's rights or obligations under this Agreement.

26. Waiver. Either party's failure to enforce any provision of this Agreement shall not in any way be construed as a waiver of any such provision, or prevent that party thereafter from enforcing each and every other provision of this Agreement.

27. Severability. In the event any provision of this Agreement is found to be unenforceable by an arbitrator or court of competent jurisdiction, such provision shall be deemed modified to the extent necessary to allow enforceability of the provision as so limited, it being intended that the parties shall receive the benefit contemplated herein to the fullest extent permitted by law. If a deemed modification is not satisfactory in the judgment of such arbitrator or court, the unenforceable provision shall be deemed deleted, and the validity and enforceability of the remaining provisions shall not be affected thereby.

28. Interpretation; Construction. The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement. This Agreement has been drafted by legal counsel representing Company. Employee acknowledges that Employee has had an opportunity to review the Agreement and have it reviewed by legal counsel, if desired, and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

29. Governing Law. This Agreement will be governed by and construed in accordance with the laws of the United States and the State of South Carolina. Each party consents to the jurisdiction and venue of the state courts in Spartanburg, South Carolina, if applicable, in any action, suit, or proceeding arising out of or relating to this Agreement.

30. Notices. Any notice required or permitted by this Agreement shall be in writing and shall be delivered as follows with notice deemed given as indicated: (a) by personal delivery when delivered personally; (b) by overnight courier upon written verification of receipt; (c) by telecopy or facsimile transmission upon acknowledgment of receipt of electronic transmission; or (d) by certified or registered mail, return receipt requested, upon verification of receipt. Notice shall be sent to the addresses set forth below, or such other address as either party may specify in writing.

31. Entire Agreement. This Agreement, including the Assignment of Rights, Non-Disclosure, Non-Solicitation, and Non-Competition Agreement and the Buy-Sell Agreement incorporated herein by reference, as well as the bylaws and minutes of the Board of Directors of the Company, constitute the entire agreement between the parties relating to this subject matter and supersedes all prior or simultaneous representations, discussions, negotiations,

and agreements, whether written or oral. This agreement may be amended or modified only with the written consent of Employee and Company. No oral waiver, amendment or modification will be effective under any circumstances whatsoever.

WHEREFORE, THE PARTIES TO THIS AGREEMENT HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND EACH AND EVERY PROVISION CONTAINED HEREIN. WHEREFORE, THE PARTIES HAVE EXECUTED THIS AGREEMENT ON THE DATES SHOWN BELOW.

INTELLISOFT, INC.

By: _____
Name: David Peeples
Title: Vice-President

EMPLOYEE

By: _____
Name: Chris L. Estep

# EXHIBIT A

Duties